**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. __1:19-cv-03644_____

TRACY L. WORSHAM,

   Plaintiff,

v.

ALLIED INTERNATIONAL CREDIT CORP.,

   Defendant.

**COMPLAINT**

     NOW COMES Plaintiff, TRACY L. WORSHAM, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, ALLIED INTERNATIONAL CREDIT CORP., as follows:

**NATURE OF THE ACTION**

    1.    This action is seeking redress for invasion of privacy by seclusion as well as violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION AND VENUE**

    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

    3.    This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334.

    4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. TRACY L. WORSHAM ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Colorado Springs, Colorado.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. ALLIED INTERNATIONAL CREDIT CORP. ("AIC") is a corporation organized under the laws of Delaware.

8. AIC has its principal place of business at 6800 Paragon Place, Suite 400, Richmond, Virginia 23230.

9. AIC is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 5290.

11. At all times relevant, Plaintiff's number ending in 5290 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13. Plaintiff sells items on www.eBay.com ("eBay").

14. Plaintiff sold approximately $500.00 in home theater equipment.

15. Subsequently, the purchaser disputed the transaction.

16. As result, eBay *allegedly* refunded the purchaser.

17. eBay sought payment from Plaintiff; however, Plaintiff refused.

18. Accordingly, this debt was referred for collection.

19. Approximately six months ago, Plaintiff started to receive phone calls from AIC.

20. On multiple occasions, Plaintiff answered.

21. Each time, Plaintiff was met with clear pause – prompting Plaintiff to say "Hello, Hello, Hello" prior to being connected to AIC's representative.

22. Each time, Plaintiff argued that she did not owe eBay anything.

23. Each time, these phone calls ended by Plaintiff stating "[d]on't call me!"

24. Unfortunately, Plaintiff continues to receive persistent and unwanted phone calls from number(s) leading back to AIC – (844) 440-8188 – including on:

> December 11, 2019 at 03:44 PM
> December 12, 2019 at 02:40 PM
> December 13, 2019 at 12:32 PM
> December 16, 2019 at 12:47 PM
> December 17, 2019 at 01:22 PM
> December 18, 2019 at 12:47 PM

25. *All in all*, AIC placed (or caused to be placed) no less than 53 *unconsented-to* phone calls to Plaintiff.

26. AIC's phone calls resulted in aggravation that accompanies persistent and unwanted phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to

recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

27. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that AIC's unlawful collection practices stopped.

## CLAIMS FOR RELIEF

### COUNT I:
### Invasion of Privacy by Seclusion

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. In Colorado, "to prevail on a claim for intrusion upon seclusion as a violation of one's privacy, a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and that such intrusion would be considered offensive by a reasonable person." *Doe v. High-Tech Inst., Inc.*, 972 P.2d 1060, 1065 (Colo. App. 1998), *cert. denied* (Colo. Mar. 1, 1999).

30. This tort can encompass conduct such as persistent and unwanted telephone calls. *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *High-Tech Inst.*, 972 P.2d, at 1067.

31. AIC's repeated and harassing telephone calls to Plaintiff violated Plaintiff's right to privacy based on an intrusion upon her seclusion. *See Dunlap v. McCarthy*, 284 Ark. 5, 678 S.W.2d 361 (1984); see generally W. Prosser & W. Keeton, Torts 117 (5th ed. 1984) (examples of intrusion upon seclusion include eavesdropping by wiretapping and persistent and unwanted telephone calls).

32. Taking into account Plaintiff's multiple requests that AIC stop calling, AIC's persistent and unwanted telephone calls would be highly offensive to a reasonable person.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that AIC violated Plaintiff's right to privacy based on an intrusion upon her seclusion;

B. an award of actual damages;

C. an award of punitive damages; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. AIC placed or caused to be placed no less than 53 of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

35. Upon information and belief, based on the "clear pause" Plaintiff experienced, AIC employed an ATDS to place calls to Plaintiff's cellular telephone.

36. Upon information and belief, the ATDS employed by AIC transfers phone calls to an agent once a human voice is detected, hence the clear pause.

37. Upon information and belief, the ATDS employed by AIC has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. *See* 47 U.S.C. § 227 (b)(1).

38. As plead above, Plaintiff revoked consent to be called on multiple occasions.

39. Upon information and belief, AIC acted through its agents, employees, and/or representatives at all times relevant.

40. Upon information and belief, AIC has no system in place to honor consumer requests that collection phone calls cease.

41. Upon information and belief, AIC has no policies and procedures in place to honor consumer requests that collection phone calls cease.

42. As result of AIC's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

43. As result of AIC's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that AIC violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 23, 2019　　　　　　　　　Respectfully submitted,

**TRACY L. WORSHAM**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com